This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39482**

**STATE OF NEW MEXICO ex rel.**
**CHILDREN, YOUTH & FAMILIES**
**DEPARTMENT,**

 Petitioner-Appellee,

v.

**ANDREA A.,**

 Respondent-Appellant,

and

**JOSHUA A.,**

 Respondent,

**IN THE MATTER OF DEREK S.,**
**HANNAH S., and LEIGHTON S.,**

 Children.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Thomas F. Stewart, District Judge**

Children, Youth and Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Nancy L. Simmons
Albuquerque, NM

for Appellant

Rio Law Firm
Francis J. Rio III
Clovis, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Respondent (Mother) appeals from the district court's adjudicatory order, asserting that the district court's finding of neglect violated Mother's due process rights because the district court relied on inadmissible hearsay and that the evidence was insufficient to prove Mother had neglected Children. In this Court's notice of proposed disposition, we proposed to summarily reverse for insufficient evidence, and we therefore did not reach Mother's hearsay issue. The Children, Youth and Families Department (CYFD) filed a memorandum in opposition to our proposed summary disposition, which we have duly considered. For the following reasons, we are unpersuaded by the memorandum in opposition and we reverse the district court's adjudication of neglect as to Mother.

**{2}** In our calendar notice, we noted an apparent lack of evidence showing that Mother's argument with Respondent Joshua A. (Father)[1] harmed Children or otherwise caused Mother to intentionally or negligently disregard Children's well-being and proper needs. [CN 4-6] *See State ex rel. Children, Youth & Families Dep't v. Amanda H.*, 2007-NMCA-029, ¶ 21, 141 N.M. 299, 154 P.3d 674 ("To properly find that [the c]hild was neglected under [NMSA 1978, Section 32A-4-2(G)(2) (2018)], the district court must have been presented with clear and convincing evidence of [the m]other's culpability through intentional or negligent disregard of [the c]hild's well-being and proper needs.").

**{3}** In its memorandum in opposition, CYFD asserts "Mother's ongoing domestic violence with [Father] was caused by Mother's behavior and clearly impacted Children's emotional and mental health negatively." [MIO 7] As support for its assertion that Children were negatively impacted by Mother's behavior, CYFD explains that, before Mother moved them to a separate room, Children witnessed some of the incident and that Children were screaming and crying. [MIO 6-7] However, CYFD has failed to address our concerns identified in the calendar notice regarding the lack of evidence demonstrating that Mother was unable to properly care for Children due to the domestic violence incident—or due to any ongoing domestic violence. To the extent CYFD asserts that the presence of screaming and crying children is sufficient to prove that a parent is unable to properly care for their children, we disagree. In addition, although

---

[1] The docketing statement suggests that Children referred to Respondent Joshua A. as their father. [DS 3, 6] CYFD's memorandum in opposition refers to Respondent Joshua A. as "Custodian" and explains that Children's biological father has passed away. [MIO 2] The initial petition filed by CYFD indicates that Respondent Joshua A. is Children's stepfather. [1 RP 1] Our analysis of the issues presented does not change regardless of the term that is used to identify Respondent Joshua A. For consistency, we refer to Respondent Joshua A. as "Father," as we did in our calendar notice.

CYFD maintains that one Child "was placed in the middle of the dispute when Mother asked him to tell [Father] to leave" [MIO 7], the memorandum in opposition does not respond to our observation in the calendar notice concerning the lack of any evidence indicating that such action placed Child in danger [CN 6]. Accordingly, we conclude CYFD failed to present clear and convincing evidence that Mother neglected Children, pursuant to Section 32A-4-2(G)(2). *See Amanda H.*, 2007-NMCA-029, ¶ 19 ("For evidence to be clear and convincing, it must instantly tilt the scales in the affirmative when weighed against the evidence in opposition and the fact[-]finder's mind is left with an abiding conviction that the evidence is true." (internal quotation marks and citation omitted)).

{4}     Concerning Section 32A-4-2(G)(4), CYFD contends that Mother failed to "ensure Children's safety while she was incarcerated because she was unable to identify an adult caregiver who could provide adequate supervision for Children." [MIO 8] Initially, we note that to the extent CYFD asserts in its memorandum in opposition that Mother left Children completely unsupervised at the time of her arrest [MIO 4-5, 7-8], the record does not support such a conclusion. Rather, as the district court found and as we recognized in our calendar notice, Children were left in Father's care during the few days that Mother was incarcerated. [1 RP 244-45; CN 3, 6-8] We additionally observed in our notice that CYFD did not appear to have presented any evidence tending to show that Father was unlikely to provide adequate supervision for Children during Mother's brief period of incarceration. [CN 7-8] *See State ex rel. Children, Youth & Families Dep't v. William M.*, 2007-NMCA-055, ¶ 63, 141 N.M. 765, 161 P.3d 262 (explaining that substantial evidence supported the conclusion that the father was not leaving the children in good hands with the mother when he went to prison, based on evidence of the mother's drug use and past neglect). CYFD has not contested this noted lack of evidence or otherwise responded to our observation. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Under the circumstances, including that there was no evidence presented to suggest that Father would disregard Children and his caretaking duties, we conclude that the evidence was insufficient to prove that Mother leaving Children in Father's care constituted neglect.

{5}     As we pointed out in our calendar notice, Mother remained in contact with CYFD during her brief period of incarceration. [CN 6] In addition, Mother contacted CYFD on the day she was released, which was the same day that CYFD filed the initial petition. [DS 3, 9; 1 RP 1] To the extent CYFD asserts that Mother's neglect arose at the point during her brief incarceration when Father left Children unsupervised, and Mother was unable to provide an available substitute caretaker, we disagree. To accept such assertion would require us to conclude that Mother's inability, while incarcerated, to immediately solve the unforeseeable problem of Father's inadequate supervision of Children constitutes neglect. *Cf. Amanda H.*, 2007-NMCA-029, ¶ 25 ("The focus of the inquiry under [Section 32A-4-2(G)(4)] is on the acts or omissions of the parents in their caretaking function and not on apparent shortcomings of a given parent due to his or her unfavorable status." (internal quotation marks and citation omitted)). We therefore

conclude the evidence presented was insufficient to prove that Mother failed to fulfill her caretaking functions during her brief period of incarceration.

**{6}** Accordingly, for the reasons discussed above and in our notice of proposed disposition, we reverse the district court's adjudication of neglect as to Mother and remand to the district court for further proceedings. *See, e.g.*, *State ex rel. Children, Youth & Families Dep't v. Benjamin O.*, 2007-NMCA-070, ¶¶ 38-39, 141 N.M. 692, 160 P.3d 601 (providing that, following a determination that the parent was wrongfully adjudicated to have neglected or abused the child, "the court and CYFD must . . . seriously consider whether reunification is possible" and that CYFD is not necessarily "foreclosed from seeking a termination of [the parent]'s parental rights").

**{7}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**